Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for American Coradius International, LLC and Stephen J. Moeller

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DEON L. THOMAS, Pro Se' | ) Case No.  CV-12-3548 JAK (SPx) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ANSWER OF STEPHEN J. MOELLER TO COMPLAINT |
| AMERICAN CORADIUS INTERNATIONAL, LLC; STEPHEN J. MOELLER, as an individual, | ) |
| Defendants. | ) |

Defendant, Stephen J. Moeller (hereinafter "MOELLER"), for itself alone, responds to the Complaint filed by Plaintiff, Deon L. Thomas ("Plaintiff"), as follows:

1. MOELLER admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.*, but MOELLER denies any and all liability, wrongdoing or damages to the extent alleged in ¶ 1.

## PRELIMINARY STATEMENT

2. MOELLER lacks sufficient information to answer the allegations contained in ¶ 2 of the Complaint, and based thereon denies the same.

3. MOELLER admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.*, but MOELLER denies any and all liability, wrongdoing or damages to the extent alleged in ¶ 3.

4. MOELLER denies the allegations contained in ¶ 4.

## JURISDICTION and VENUE

5. MOELLER admits the allegations contained in ¶ 5 of the Complaint for jurisdiction purposes only.

6.    MOELLER admits the proper venue is the Eastern Division of the Central District of California. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 6.

7.    MOELLER admits the allegations contained in ¶ 6 of the Complaint for jurisdiction and venue purposes only.

8.    MOELLER admits the allegations contained in ¶ 8 of the Complaint for venue purposes only.

## PARTIES

9.    MOELLER lacks sufficient information to answer the allegations contained in ¶ 9 of the Complaint, and based thereon denies the same.

10.    MOELLER admits ACI is a Delaware corporation with an office located at the address stated in ¶ 10 of the Complaint. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 10.

11.    MOELLER admits he is an individual and the Director of Corporate Compliance for MOELLER. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 11 of the Complaint.

12.    MOELLER avers the cited authorities speak for themselves and refers all matters of law to the Court. MOELLER denies the allegations contained in ¶ 12 of the Complaint.

13. In response to ¶ 12 of the Complaint, MOELLER avers the cited authorities speak for themselves and refers all matters of law to the Court.

## FACTUAL ALLEGATION

14. MOELLER lacks sufficient information to answer the allegations contained in ¶ 14 of the Complaint, and based thereon denies the same.

15. MOELLER admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. MOELLER further admits ACI's account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 15.

16. MOELLER denies the allegations contained in ¶ 16.

17. MOELLER admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. MOELLER further admits ACI's account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 17.

18. MOELLER admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. MOELLER further admits ACI's account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 18.

19. MOELLER lacks sufficient information to answer the allegations contained in ¶ 19 of the Complaint, and based thereon denies the same.

20. MOELLER admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. MOELLER further admits ACI's account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 20.

21. MOELLER admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. MOELLER further admits ACI's account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about

September 12, 2010, when the account was recalled by SST and closed. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 21.

22. MOELLER lacks sufficient information to answer the allegations contained in ¶ 22 of the Complaint, and based thereon denies the same.

23. MOELLER admits that on or about September 12, 2011, ACI received a letter from Plaintiff dated September 9, 2011. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 23.

24. MOELLER admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. MOELLER further admits ACI's account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 24.

25. MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 25.

26. MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter.

Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 26.

27. MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 27.

28. MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 28.

29. MOELLER lacks sufficient information to answer the allegations contained in ¶ 29 of the Complaint due to their ambiguity, and based thereon denies the same. MOELLER denies his conduct was false or misleading or constituted deceptive acts or practices in violation of the FDCPA.

30. MOELLER admits he is the Director of Corporate Compliance for ACI. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 30 of the Complaint.

31. MOELLER denies the allegations contained in ¶ 31 of the Complaint.

32. MOELLER denies the allegations contained in ¶ 32 of the Complaint.

# Count I

## ALLEGED VIOLATION OF THE FCDPA, 15 U.S.C. § 1692, et seq.

33.     MOELLER incorporates its responses to paragraphs 1-32 as though fully set forth herein.

34.     MOELLER lacks sufficient information to answer the allegations contained in ¶ 34, and based thereon denies the same.

35.     MOELLER denies the allegations contained in ¶ 35.

36.     MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 36.

37.     MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 37.

38.     MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 38.

39. MOELLER lacks sufficient information to answer the allegations contained in ¶ 39 of the Complaint due to their ambiguity, and based thereon denies the same. MOELLER denies his conduct was false or misleading or constituted deceptive acts or practices in violation of the FDCPA.

40. MOELLER admits he is the Director of Corporate Compliance for ACI. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 40 of the Complaint.

41. MOELLER denies the allegations contained in ¶ 41 of the Complaint.

42. MOELLER denies the allegations contained in ¶ 42 of the Complaint.

43. MOELLER denies the allegations contained in ¶ 43 of the Complaint.

44. MOELLER denies the allegations contained in ¶ 44 of the Complaint.

45. MOELLER denies the allegations contained in ¶ 45 of the Complaint.

## Count II

### ALLEGED VIOLATION OF THE ROSENTHAL ACT
### CAL. CIVIL CODE § *1788, et seq.*

46. MOELLER incorporates its responses to paragraphs 1-45 as though fully set forth herein.

47. MOELLER denies the allegations contained in ¶ 47.

48. MOELLER denies the allegations contained in ¶ 48.

49.     MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 49.

50.     MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 50.

51.     MOELLER admits that on or about September 12, 2011, on behalf of ACI he sent Plaintiff a letter in response to Plaintiff's September 9, 2011 letter. Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 51.

52.     MOELLER lacks sufficient information to answer the allegations contained in ¶ 52 of the Complaint due to their ambiguity, and based thereon denies the same.  MOELLER denies his conduct was false or misleading or constituted deceptive acts or practices in violation of the FDCPA.

53.     MOELLER admits he is the Director of Corporate Compliance for MOELLER.  Except as expressly admitted, MOELLER denies the remaining allegations contained in ¶ 53 of the Complaint.

Answer of Stephen J. Moeller to Complaint

10

54. MOELLER denies the allegations contained in ¶ 54 of the Complaint.

55. MOELLER denies the allegations contained in ¶ 55 of the Complaint.

56. MOELLER denies the allegations contained in ¶ 56 of the Complaint.

57. MOELLER denies the allegations contained in ¶ 57 of the Complaint.

58. MOELLER denies the allegations contained in ¶ 58 of the Complaint.

59. MOELLER denies the allegations contained in ¶ 59 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

MOELLER alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

MOELLER alleges Plaintiff's FDCPA claim is barred by the applicable statute of limitations found at 15 U.S.C. § 1692k because ACI ceased debt collections efforts on Plaintiff's account in September 2010, more than one year prior to the filing of this action.

## THIRD AFFIRMATIVE DEFENSE

MOELLER alleges Plaintiff's Rosenthal Act claim is barred by the applicable statute of limitations found at Cal. Civ. Code § 1788.30 because ACI

ceased debt collections efforts on Plaintiff's account in September 2010, more than one year prior to the filing of this action.

### FOURTH AFFIRMATIVE DEFENSE

MOELLER alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH AFFIRMATIVE DEFENSE

MOELLER alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

### SIXTH AFFIRMATIVE DEFENSE

MOELLER alleges Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

MOELLER alleges Plaintiff consented to and/or invited the conduct for which he seeks relief.

WHEREFORE, MOELLER respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of MOELLER;

3. MOELLER be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. MOELLER be granted such other and further relief as the Court deems just and proper.

Dated: 5/7/12              SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
Stephen J. Moeller