Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for American Coradius International, LLC and Stephen J. Moeller

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS, Pro Se' <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN CORADIUS INTERNATIONAL, LLC; STEPHEN J. MOELLER, as an individual, <br><br> Defendants. | Case No.  CV-12-3548 JAK (SPx) <br><br> ANSWER OF AMERICAN CORADIUS INTERNATIONAL, LLC TO COMPLAINT |

Defendant, American Coradius International, LLC (hereinafter "ACI"), for itself alone, responds to the Complaint filed by Plaintiff, Deon L. Thomas ("Plaintiff"), as follows:

///

///

1.   ACI admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.*, but ACI denies any and all liability, wrongdoing or damages to the extent alleged in ¶ 1.

### PRELIMINARY STATEMENT

2.   ACI lacks sufficient information to answer the allegations contained in ¶ 2 of the Complaint, and based thereon denies the same.

3.   ACI admits that Plaintiff purports to seek redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.*, but ACI denies any and all liability, wrongdoing or damages to the extent alleged in ¶ 3.

4.   ACI denies the allegations contained in ¶ 4.

### JURISDICTION and VENUE

5.   ACI admits the allegations contained in ¶ 5 of the Complaint for jurisdiction purposes only.

6. ACI admits the proper venue is the Eastern Division of the Central District of California. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 6.

7. ACI admits the allegations contained in ¶ 6 of the Complaint for jurisdiction and venue purposes only.

8. ACI admits the allegations contained in ¶ 8 of the Complaint for venue purposes only.

**PARTIES**

9. ACI lacks sufficient information to answer the allegations contained in ¶ 9 of the Complaint, and based thereon denies the same.

10. ACI admits it is a Delaware corporation with an office located at the address stated in ¶ 10 of the Complaint. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 10.

11. ACI admits Stephen J. Moeller is an individual and the Director of Corporate Compliance for ACI. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 11 of the Complaint.

12. ACI avers the cited authorities speak for themselves and refers all matters of law to the Court. ACI denies the allegations contained in ¶ 12 of the Complaint.

13. In response to ¶ 12 of the Complaint, ACI avers the cited authorities speak for themselves and refers all matters of law to the Court.

## FACTUAL ALLEGATION

14. ACI lacks sufficient information to answer the allegations contained in ¶ 14 of the Complaint, and based thereon denies the same.

15. ACI admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. ACI further admits its account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 15.

16. ACI admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) or Cal. Civ. Code § 1788.2(c), its conduct may be governed by the applicable provisions of the FDCPA or Rosenthal Act. ACI further admits it engages in the business of debt collection. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 16.

17. ACI admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. ACI further admits its account records reflect that ACI undertook efforts in the

ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 17.

18.   ACI admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. ACI further admits its account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 18.

19.   ACI lacks sufficient information to answer the allegations contained in ¶ 19 of the Complaint, and based thereon denies the same.

20.   ACI admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. ACI further admits its account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 20.

21.   ACI admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010.

ACI further admits its account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 21.

22.   ACI lacks sufficient information to answer the allegations contained in ¶ 22 of the Complaint, and based thereon denies the same.

23.   ACI admits that on or about September 12, 2011, ACI received a letter from Plaintiff dated September 9, 2011.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 23.

24.   ACI admits Systems & Services Technologies ("SST") placed an account in Plaintiff's name with ACI for collection on or about March 8, 2010. ACI further admits its account records reflect that ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 24.

25.   ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 25.

26. ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 26.

27. ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 27.

28. ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 28.

29. ACI lacks sufficient information to answer the allegations contained in ¶ 29 of the Complaint due to their ambiguity, and based thereon denies the same. ACI denies its conduct was false or misleading or constituted deceptive acts or practices in violation of the FDCPA.

30. ACI admits Stephen J. Moeller is the Director of Corporate Compliance for ACI. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 30 of the Complaint.

31. ACI denies the allegations contained in ¶ 31 of the Complaint.

32. ACI denies the allegations contained in ¶ 32 of the Complaint.

## Count I

## ALLEGED VIOLATION OF THE FCDPA, 15 U.S.C. § 1692, et seq.

33. ACI incorporates its responses to paragraphs 1-32 as though fully set forth herein.

34. ACI lacks sufficient information to answer the allegations contained in ¶ 34, and based thereon denies the same.

35. ACI admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of the FDCPA  ACI further admits it engages in the business of debt collection.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 35.

36. ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 36.

37. ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 37.

38. ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 38.

39. ACI lacks sufficient information to answer the allegations contained in ¶ 39 of the Complaint due to their ambiguity, and based thereon denies the same. ACI denies its conduct was false or misleading or constituted deceptive acts or practices in violation of the FDCPA.

40. ACI admits Stephen J. Moeller is the Director of Corporate Compliance for ACI. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 40 of the Complaint.

41. ACI denies the allegations contained in ¶ 41 of the Complaint.

42. ACI denies the allegations contained in ¶ 42 of the Complaint.

43. ACI denies the allegations contained in ¶ 43 of the Complaint.

44. ACI denies the allegations contained in ¶ 44 of the Complaint.

45. ACI denies the allegations contained in ¶ 45 of the Complaint.

## Count II

### ALLEGED VIOLATION OF THE ROSENTHAL ACT
### CAL. CIVIL CODE § *1788, et seq*.

46. ACI incorporates its responses to paragraphs 1-45 as though fully set forth herein.

47. ACI admits that when it acts as a debt collector as defined by Cal. Civ. Code § 1788.2(c), its conduct may be governed by the applicable provisions of the Rosenthal Act. ACI further admits it engages in the business of debt

collection. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 47.

48.   ACI admits that when it acts as a debt collector as defined by Cal. Civ. Code § 1788.2(c), its conduct may be governed by the applicable provisions of the Rosenthal Act. ACI further admits it engages in the business of debt collection. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 48.

49.   ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 49.

50.   ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 50.

51.   ACI admits that on or about September 12, 2011, ACI sent Plaintiff a letter in response to his September 9, 2011 letter. Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 51.

52.   ACI lacks sufficient information to answer the allegations contained in ¶ 52 of the Complaint due to their ambiguity, and based thereon denies the same.

ACI denies its conduct was false or misleading or constituted deceptive acts or practices in violation of the FDCPA.

53.     ACI admits Stephen J. Moeller is the Director of Corporate Compliance for ACI.  Except as expressly admitted, ACI denies the remaining allegations contained in ¶ 53 of the Complaint.

54.     ACI denies the allegations contained in ¶ 54 of the Complaint.

55.     ACI denies the allegations contained in ¶ 55 of the Complaint.

56.     ACI denies the allegations contained in ¶ 56 of the Complaint.

57.     ACI denies the allegations contained in ¶ 57 of the Complaint.

58.     ACI denies the allegations contained in ¶ 58 of the Complaint.

59.     ACI denies the allegations contained in ¶ 59 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

ACI alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

ACI alleges Plaintiff's FDCPA claim is barred by the applicable statute of limitations found at 15 U.S.C. § 1692k because ACI ceased debt collections efforts

on Plaintiff's account in September 2010, more than one year prior to the filing of this action.

### THIRD AFFIRMATIVE DEFENSE

ACI alleges Plaintiff's Rosenthal Act claim is barred by the applicable statute of limitations found at Cal. Civ. Code § 1788.30 because ACI ceased debt collections efforts on Plaintiff's account in September 2010, more than one year prior to the filing of this action.

### FOURTH AFFIRMATIVE DEFENSE

ACI alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH AFFIRMATIVE DEFENSE

ACI alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

///

///

## SIXTH AFFIRMATIVE DEFENSE

ACI alleges Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

ACI alleges Plaintiff consented to and/or invited the conduct for which he seeks relief.

WHEREFORE, ACI respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of ACI;

3. ACI be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. ACI be granted such other and further relief as the Court deems just and proper.

Dated: 5/7/12            SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
American Coradius International, LLC