Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
dlthomas32@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas,<br><br>　　　　*Plaintiff*<br><br>vs.<br><br>AMERICAN CORADIUS INTERNATIONAL, LLC; STEPHEN J. MOELLER, as an individual,<br><br>　　　　*Defendants* | Case No. ED CV12-3548 PSG (SPx)<br><br>**JOINT RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN**<br><br>Scheduling Conference: 7/2/2012<br>Time:  2:00 p.m.<br>Courtroom: 880<br>Judge: Hon. Philip S. Gutierrez |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), the parties met and conferred telephonically on May 31, 2012, and submit the following Joint Rule 26(f) Report and Proposed Discovery Plan.

**A.    A short statement of claims, counterclaims, and affirmative defenses.**

Plaintiff Deon Thomas ("Plaintiff") alleges that Defendants American Coradius International, LLC ("Defendant") and Stephen J. Moeller ("Defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("hereinafter FDCPA"), California Rosenthal Fair Debt Collection Practice Act,

California Civil Code § 1788 *et seq.* (hereinafter "ROSENTHAL"). Plaintiff alleges he is entitled to statutory damages, actual damages, attorney's fees and costs.

Defendants deny Plaintiff's allegations and contend they have not undertaken any debt collection efforts relating to Plaintiff since September 2010. As a result, any claims under the FDCPA or Rosenthal Act are time-barred.

**B.   A brief description of the key legal issues.**

Plaintiff contends the primary legal issue is whether Defendant committed the conduct of collection of a non-existent account from Plaintiff and whether the alleged conducted violated the FDCPA and Rosenthal, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Defendants contend the key legal issue is whether Defendants engaged in any debt collection relating to Plaintiff within the applicable statute of limitations period.

**C.   A discussion of the likelihood of motions seeking to add other parties or claims, file amended pleadings, or transfer venue.**

Plaintiff reserves the right to file an amended complaint adding additional causes of action and other parties. Defendants reserve the right to oppose any motion for leave to amend filed by Plaintiff. Defendants do not anticipate filing an

amended pleading or moving to transfer venue. The parties propose that the deadline to amend the pleadings be August 15, 2012.

**D. Insurance Coverage:**

Defendant maintains professional liability insurance and does not expect insurance coverage to impact this litigation.

**E. A discussion of discovery and experts pursuant to Rule 26(f).**

The parties agree to conduct discovery per the Federal Rules of Civil Procedure guidelines and constraints. The parties believe that any information pertaining to the communication between the parties, both written and oral will need to be discovered. The parties agree to limit the number of written discovery requests as set forth in the Federal Rules of Civil Procedure. The parties further agree to a maximum of three (3) depositions to be taken by each party, excluding expert depositions.

1) Plaintiff's discovery will be directed toward Defendant conducts of collection of a non-existent account from Plaintiff. Plaintiff will also conduct discovery into Defendant's affirmative defenses. Plaintiff intends to conduct depositions and propound written discovery.

2) Defendants' discovery will be directed toward Plaintiff's allegations and damages. Defendants may take Plaintiff's deposition and will propound written discovery to Plaintiff.

3)   Expert witness disclosures: The parties agree to the time for expert witness disclosures set forth in FRCP 26(a)(2)(C).

4)   Electronically stored information: The parties have not identified nor anticipate issues to arise relating to the identification, maintenance and production of electronically stored information. The parties agree to produce electronically stored information in hard copy form.

5)   Discovery conducted thus far: The parties have conducted discovery.

6)   Discovery Limitations: None except as stated above. Defendant anticipates the need for a Stipulated Protective Order and Confidentiality Agreement as to any account notes or confidential and proprietary information requested in discovery.

**F.   A description of any issues which may be resolved by motions for summary judgment.**

The parties believe that liability can be determined in a motion for summary judgment.

**G.   A brief description of settlement discussions to date, and the settlement selection pursuant to Local Rule 16.**

The parties have discussed settlement in good faith and were unable to reach an agreement. The parties consent to mediation through the Court's ADR program/mediator panel. The parties will be prepared for mediation in 120 days.

**H.** **A realistic time estimate required for trial and whether it will jury or court.**

Plaintiff has requested a trial by jury and anticipates a 2or 3 day trial. Defendant concurs in the time estimate.

**I.** **Proposed dates.**

The parties have agreed on the following dates:

1) Fact discovery cut-off = January 17, 2013

2) Expert Witness Disclosure = December 16, 2012

3) Rebuttal Expert Witness Disclosure = January 16, 2013

4) Expert discovery cut-off = April 15, 2013

5) Motion hearing date cut-off = June 14, 2013

6) Pre-trial conference = July 31, 2012

7) Trial = August 16, 2013

**J.** **Any other matters affecting the status of the case.**

None.

**K.** **Disclosure By Corporate Parties**

Defendants filed the "Certification of Interested Entities or Persons" on May 7, 2012. As stated in the certification, Defendant believes that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or

in a party that could substantially be affected by the outcome of this proceeding: American Coradius International, LLC.

**L.     Patent Cases.**

Not applicable.

**M.     Consent to Magistrate Judge.**

The parties do not consent to a magistrate judge for all purposes.

Respectfully submitted:

Date: June 17, 2012

_____
Deon L. Thomas
Plaintiff

Dated: 6/15/12

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

_____
Debbie P. Kirkpatrick
Attorney for Defendants
American Coradius International, LLC and
Stephen J. Moeller