Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for American Coradius International, LLC and Stephen J. Moeller

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS, Pro Se,<br><br>        Plaintiff,<br><br>   vs.<br><br>AMERICAN CORADIUS INTERNATIONAL, LLC; STEPHEN J. MOELLER, as an individual,<br><br>        Defendants. | Case No.  CV-12-3548 PSG (SPx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS AMERICAN CORADIUS INTERNATIONAL, LLC AND STEPHEN J. MOELLER<br><br>DATE:  October 22, 2012<br>TIME:  1:30 p.m.<br>PLACE:  Courtroom 880 - Roybal<br>JUDGE: Hon. Philip S. Gutierrez |

Defendants American Coradius International, LLC ("ACI") and Stephen J. Moeller ("Moeller") jointly submit this memorandum in support of their Motion

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

1

for Summary Judgment. The Court should dismiss the claims asserted by Plaintiff, Deon L. Thomas, because there is no dispute of material fact and Defendants are entitled to judgment as a matter of law.

## I. INTRODUCTION

ACI is a debt collection company. Moeller is ACI's Director of Compliance. Plaintiff asserts causes of action for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.* These claims are based on Plaintiff's contention that ACI attempted to collect a "non-existent alleged debt," failed to comply with notice requirements of § 1692g, and sent Plaintiff a letter on September 13, 2011 that failed to comply with various statutory requirements.[1]

The undisputed facts demonstrate that ACI undertook no collection efforts relating to Plaintiff's account *after September 12, 2010*. As a result, Plaintiff's claims – contained in his Complaint filed on April 13, 2012 – are barred by the one-year limitations period applicable to the FDCPA and Rosenthal Act. Moreover, even if the claims were timely, Plaintiff cannot show any conduct by

---

[1] *See* Docket No. 1, Complaint, ¶ 17, 20, 24 and 25.

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

2

ACI or Moeller that violates these statutes. The complaint should therefore be dismissed.

## II. SUMMARY JUDGMENT STANDARD

The purpose of the summary judgment rule is to dispose of factually unsupported claims. Summary judgment is appropriate if the record, read in the light most favorable to the nonmoving party, shows "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). A dispute of material fact is "genuine" only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 *citing Celotex*, 477 U.S. at 322 (1999).

## III. PROCEDURAL HISTORY

Plaintiff's Complaint was filed on April 13, 2012.[2] On May 7, 2012 ACI

---

[2] *See* Docket No. 1, Complaint.
Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

3

and Moeller filed their respective answers to the complaint, denying all claims.[3] This action is related to the complaint Plaintiff filed against ACI only on October 11, 2011, designated as Case No. 11-CV-1575-PSG-SPx. A motion for summary judgment in that action is being filed concurrently.

## IV. SUMMARY OF UNDISPUTED FACTS

An account in Plaintiff's name was placed with ACI for collection on March 8, 2010 by Systems & Services Technologies, Inc. ("SST").[4] ACI made an inquiry on Plaintiff's credit report on or about March 8, 2010 in connection with placement of the account with ACI for collection.[5] Thereafter, ACI undertook efforts to collect the debt in the ordinary course of business until September 12, 2010, at which point the account was recalled from ACI by SST.[6] ACI undertook no further efforts to collect the debt after September 12, 2010.[7]

---

[3] See Docket No. 7, Moeller's Answer, and No. 8, ACI's Answer.
[4] See Declaration of Stephen J. Moeller filed herewith ("Moeller Decl."), ¶ 4.
[5] See Moeller Decl., ¶ 5.
[6] See Moeller Decl., ¶ 6.
[7] See Moeller Decl., ¶ 7.

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

4

On or about September 12, **_2011_**, ACI received a letter from Plaintiff dated September 9, 2011 concerning the March 8, 2010 credit inquiry.[8]  ACI responded by letter dated September 12, 2011.[9]  ACI's letter stated, in pertinent part:

> American Coradius International received correspondence from you regarding an inquiry on your Trans Union credit report.  Our inquiry was in direct relation to an account placed in our office for collection by our client, SYSTEMS AND SERVICES TECHNOLOGIES. Finally, our client recalled this account from our office in September 2010.  We are no longer the collection agency assigned to recover this debt.  All future questions regarding this account should be directed to them.

ACI's letter was sent in response to Plaintiff's September 9, 2011 letter and for no other purpose.[10]

## V. LAW AND ARGUMENT

Both the FDCPA and Rosenthal Act causes of action are barred by the statute of limitations and Plaintiff's Complaint should therefore be dismissed.

A one year statute of limitations period applies to claims under the FDCPA and Rosenthal Act.  *See* 15 U.S.C. 1692 § 1692k(d); Cal. Civ. Code 1788.30(f). An FDCPA cause of action accrues on "the date of the violation." 15 U.S.C. § 1692k(d).   This one-year limitations period is jurisdictional; if an action is brought

---

[8] *See* Moeller Decl., ¶ 8, Exhibit A.
[9] *See* Moeller Decl., ¶ 9, Exhibit B.
[10] *See* Moeller Decl., ¶ 10.

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

5

more than one year after the date of the violation, the court has no jurisdiction to hear it. *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 262 (8th Cir. 1992).  Similarly, the Rosenthal Act cause of action accrues on "the date of the occurrence of the violation." Cal. Civ. Code § 1788.30(f).

Plaintiff has not alleged *any* facts which could reasonably be interpreted as showing ACI undertook debt collection activity within the one-year period prior to the filing of his Complaint on April 13, 2012.  Although the bottom of ACI's September 12, 2011 letter contains the proviso that the communication is from a debt collector, the substance of the letter cannot reasonably be construed as an effort to collect a debt from Plaintiff.  The sole purpose of ACI's letter was to respond to Plaintiff's September 9, 2011 inquiry – which was made one year after ACI stopped its efforts to collect Plaintiff's account.

Moreover, Plaintiff cannot overcome this deficiency through further amendment of the Complaint given the history of ACI's collection activity relating to his account. ACI undertook efforts to collect the debt until September 12, 2010, at which point the account was recalled from ACI by the creditor.[11]  ACI

---

[11] *See* Moeller Decl., ¶ 6.

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

6

undertook no further efforts to collect the debt after September 12, 2010.[12] Since ACI's debt collection activity ceased in September 2010 – more than 1 year prior to the filing date of Plaintiff's Complaint on April 13, 2012 – claims under the FDCPA and Rosenthal Act relating to ACI's collection activity are time barred.

Finally, Plaintiff's attempt to find fault with ACI's September 12, 2011 letter is misguided.  Although Plaintiff complains that the letter fails to comply with FDCPA and Rosenthal Act requirements, the undisputed facts are that the letter was elicited by Plaintiff's September 9, 2011 letter, was intended solely to respond to that letter, and was not part of ACI's effort to collect any debt from Plaintiff as the only account ACI had for Plaintiff had been returned to the creditor one year earlier.  The FDCPA and Rosenthal Act are therefore inapplicable to the September 12, 2011 letter.

///

///

///

///

///

---

[12] *See* Moeller Decl., ¶ 7.

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

7

## V. CONCLUSION

Considering the foregoing, the Court should grant ACI's Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

Dated: August 28, 2012        _/s/Debbie P. Kirkpatrick_____
                              Debbie P. Kirkpatrick,
                              Attorney for Defendant
                              American Coradius International, LLC

Memorandum of Points and Authorities in Support of
Motion for Summary Judgment of
Defendant American Coradius International, LLC

8