Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for American Coradius International, LLC and Stephen J. Moeller

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS, Pro Se' | Case No.  CV-12-3548 PSG (SPx) |
| Plaintiff, | |
| vs. | DECLARATION OF STEPHEN J. MOELLER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| AMERICAN CORADIUS INTERNATIONAL, LLC; STEPHEN J. MOELLER, as an individual, | |
| | DATE:  October 22, 2012 |
| Defendants. | TIME:  1:30 p.m. |
| | PLACE:  Courtroom 880 - Roybal |
| | JUDGE: Hon. Philip S. Gutierrez |

I, Stephen J. Moeller, declare:

1.     I am employed by defendant American Coradius International, LLC ("ACI") as Director, Corporate Compliance.

2.     Through my job responsibilities, I have access to the collection records, client databases, and other electronic materials maintained by ACI in the

ordinary course of business.   Entries are made into these records at or near the applicable event by individuals having personal knowledge of the event.   ACI relies on these records in the ordinary course of its debt collection business.  I have personally reviewed records relating to the Deon Thomas account that was placed with ACI for collection.

3.     I have personal knowledge of the facts stated herein based on my review of ACI's business records and knowledge of ACI's business practices.  If called as a witness I could testify competently to these facts.

4.     ACI is a debt collector.  On March 8, 2010 an account in the name of Deon Thomas was placed with ACI for collection by Systems and Services Technologies, Inc. ("SST").

5.     On or about March 8, 2010, ACI made an inquiry on Mr. Thomas's credit report in relation to collection of the SST account.

6.     ACI undertook efforts in the ordinary course of business to collect the account until on or about September 12, 2010, when the account was recalled by SST and closed.

7.     ACI did not undertake any further efforts to collect the account after September 12, 2010.

8.      On or about September 12, 2011, ACI received a letter from Deon Thomas dated September 9, 2011.  A true and correct copy of the letter ACI received from Mr. Thomas is attached hereto as Exhibit A.

9.      On or about September 12, 2011, ACI sent Mr. Thomas a letter in response to his September 9, 2011 letter.  A true and correct copy of the letter ACI sent to Mr. Thomas is attached hereto as Exhibit B.

10.     ACI had no purpose for sending the September 12, 2011 letter other than to respond to Mr. Thomas's letter dated September 9, 2011.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24TH day of August, 2012 at Amherst, New York.

_____
Stephen J. Moeller

Exhibit A

Certified Mail # 7010 1670 0080 7427 0824

3766587
SST
CYR
(smu)

Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555

To: American Coradius International, LLC
2420 Sweet Home RD STE 150
Amherst, NY 14228

DATE: 9/09/2011

Re American Coradius International, LLC obtained my credit report without permissible purpose

To Whom It May Concern:

On 03/08/2010 your company obtained my Trans Union credit report. I have not applied for credit with you and I have no idea why you would obtain my credit report.

Please contact me by 9/21/2011 to either explain why you obtained my credit report or arrange to pay statutory damages of $1,000.

Please be advised that under the Fair Debt Collection Practices Act, I am authorized to demand that you not contact me by telephone nor at my place of employment by any means whatsoever. If you wish to communicate with me, you may do so only by U.S. mail and only at my place of residence.

Your failure to provide such information as I request in a timely manner may constitute prima facie evidence of intent to defraud, intimidate or coerce me and to deprive me of my civil rights.

Please be advised that any contact made by your Company with any 3rd party firm or entity regarding this issue absent compliance with each and every part of this demand for validation may constitute violation of the FDCPA and the FCRA and may constitute grounds for civil or criminal action or complaints being filed against you. I do hope that you can understand and that we can settle this matter in an amicable fashion at the earliest possible moment.

Best Regards,

Deon Thomas

SEP 1 2 2011

951-413-9071/951-242-7015-Only In Case of Emergency Call #

37 66587
SST
CYR

# NOTICE OF

# PENDING

# LAWSUIT

You will have until October 4th 2011 to respond to this Notice of Pending Lawsuit and I will entertain an amicable settlement agreement. You have $1000.00 statutory damages that is non-negotiable.

Barring lack of response from you in this matter, I will proceed to the Federal Courts to resolve this issue. Your cost to defend this case in Federal Courts will be substantially more than the statutory damages.

Don't make the mistake of ignoring this. Cure or be sued!

Deon L. Thomas, Pro Se, Without Prejudice, All Rights Reserved
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

Certified Mail # 7010 1670 0000 7427 0817

1  Deon L. Thomas, Pro Se'
2  14626 Red Gum Street
   Moreno Valley, CA 92555
3  951-413-9071/951-242-7015
4  dlthomas32@gmail.com
5
6
7                    **UNITED STATES DISTRICT COURT**
8                    **CENTRAL DISTRICT OF CALIFORNIA**
9  Deon L. Thomas  Pro Se'          )
10 Plaintiff                        )
11 V.                               )
12                                  )
13 AMERICAN CORADIUS                )          **COMPLAINT**
   INTERNATIONAL, LLC               )
14 Defendant                        )   **VIOLATION OF FAIR CREDIT**
15                                  )        **REPORTING ACT**
   Does 1 through 10                )
16                                  )        **TRIAL BY JURY**
17 ─────────────────────────────────────────────────────
18
19     TO THE CLERK OF THE COURT AND TO THE DEFENDANTS HEREIN
20     **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**
21   Comes now the Plaintiff Deon L. Thomas :
22   1.    Plaintiff's Complaint is based on the Fair Credit
23     Reporting Act (FCRA) 15 U.S.C. § 1681 et seq.
24
25              **PRELIMINARY STATEMENT**
26   2.    This is an action for damages; brought for damages for
27     the violation of the Fair Credit Reporting Act (FCRA) 15 USC
28     §1681, et seq.

## JURISDICTION

3.       Jurisdiction of this court arises pursuant to *15 U.S.C.*
*§1681a(p)* and *28 U.S.C. §1331.*

4.       All conditions precedence to the bringing of this action
have been performed.

## VENUE

5.       The Plaintiff, Deon L. Thomas is a natural person and is
a resident of the County of Riverside, State of California,
and the action occurred here.

6.       The Defendant American Coradius International, LLC
transact business in the state of California and in this
District.

## PARTIES

7.       At all times hereinafter mentioned, The Plaintiff is a
resident of Riverside County, State of California.   Deon L.
Thomas, ("hereinafter Plaintiff").

8.       The Defendant American Coradius International, LLC
("hereinafter ACI") is a Delaware Corporation, form unknown,
with office at 2420 Sweet Home Road, Suite 150, Amherst, NY
14228.

## FACTUAL ALLEGATION

9.       On or about August 19, 2011 Plaintiff received his
credit report from a major credit reporting agency Trans
Union and found a entry by an entity that was unknown within
the credit report.

10.       Plaintiff observed and investigated his trans Union
credit report and determined that ACI pulled his credit

1    report on or about March 8, 2010 without his expressed
2    consent.

3    11.    Discovery of the violation of impermissible purpose
4    brought forth herein occurred on or about August 2011 and are
5    within the statute of limitations as defined in the FCRA 15
     U.S.C. § 1681p.

6    12.    ACI is in violation of the Fair Credit Reporting Act
7    (FCRA) 15 U.S.C. § 1681b by initiating credit report pulls
8    with no permissible purpose from the credit bureaus,
9    therefore lowering Plaintiff credit score.

10   13.    There was not an authorization by the Plaintiff for ACI
11   to pull his credit report.  ACI pulled Plaintiff credit
12   report without a legitimate purpose, judgment or contractual
     agreement.  Defendant are in violation of the FCRA.

13
     Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b(f) provides:
14   A person shall not use or obtain a consumer report for any purpose unless—
15   (1) the consumer report is obtained for a purpose for which the consumer
     report is authorized to be furnished under this section; and
16   (2) the purpose is certified in accordance with section 1681e of this title by a
     prospective user of the report through a general or specific certification.
17

18                          Count I

19   VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §
20        1681  WILLFUL NON-COMPLIANCE BY DEFENDANT ACI

21   14.    Plaintiff restates and reiterates herein all previous
22   paragraphs 1-13.

23   15.    Plaintiff is a consumer within the meaning of the FCRA
     15 U.S.C. § 1681a(c).

24
25   16.    Trans Union is a credit reporting agency within the
     meaning of  15 U.S.C. § 1681a(f).

26   17.    Consumer credit report is a consumer report within the
27   meaning of the FCRA 15 U.S.C. § 1681a(d).

28

18.     The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

19.     Such permissible purpose as defined by 15 U.S.C. § 1681b are generally, if the consumer makes and application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona-fide offer of credit as a result of the inquiry.

20.     Plaintiff has never had any business dealings or any account with, made application for credit from, made application for employment with, applied for insurance from, or received a bona-fide offer of credit from ACI to acquire his consumer report from any credit reporting agency.

21.     At no time did Plaintiff give his consent for ACI to acquire his consumer credit report from any credit reporting agency.

22.     On or about March 8, 2010 ACI obtained the Trans Union consumer credit report from the Plaintiff with no permissible purpose, which is in violation of FCRA 15 U.S.C. § 1681b.

23.     The action of ACI of obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against ACI for statutory damages pursuant to 15 U.S.C. § 1681n, attorney's fees and costs.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT(FCRA), 15 U.S.C. § 1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANT ACI

24.     Plaintiff restates and reiterates herein all previous paragraphs 1-23.

25.     Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

26.     Trans Union is a credit reporting agency within the meaning of  15 U.S.C. § 1681a(f).

27.     .Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).

28.     The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

29.     ACI obtained Plaintiff's Trans Union consumer report negligently on March 8, 2010 with no permissible purpose under FCRA, 15 U.S.C. § 1681b and thereby damaged Plaintiff by causing Plaintiff's credit score, credit report to decline, resulting in credit denial, higher interest rates and public humiliation.

WHEREFORE, Plaintiff demands judgment for damages against ACI for actual and punitive damages so determined by this Honorable Court, attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

///
///
///
///
///
///
///
.///
///
///

1                                **"DEMAND FOR JURY TRIAL"**

2         Plaintiff hereby DEMAND a trial by jury of all issues as a

3 matter of law.

4

5

6 Respectfully submitted this 5th Day of October 2011.

7

8

9

10

11                                            Deon L. Thomas, Without Prejudice

12                                                14626 Red Gum St.

13                                          Moreno Valley, CA 92555

14                                     951-242-7015/951-413-9071

15                                       &lt;dlthomas32@gmail.com&gt;

16

17

18

19

20

21

22

23

24

25

26

27

28

Deon Thomas
14626 Red Gum St
Moreno Valley, CA 92555

7010 1670 0000 7427 0

CERTIFIED MAIL

37666887
9/12

RETURN RECEIPT
REQUESTED

FIRST CLASS

American Corp
2420
Amherst

Exhibit B



2420 Sweethome Rd., Suite 150
Amherst, NY 14228
Phone: (716) 418-7200
Fax: (716) 689-7084

September 12, 2011

Deon Thomas
14626 Red Gum St.
Moreno Valley, CA 92555

Re: Credit Inquiry

Dear Mr. Thomas,

American Coradius International received correspondence from you regarding an inquiry on your Trans Union credit report. Our inquiry was in direct relation to an account placed in our office for collection by our client, SYSTEM AND SERVICES TECHNOLOGIES. Finally, our client recalled this account from our office in September 2010. We are no longer the collection agency assigned to recover this debt. All future questions regarding this account should be directed to them.

ACI had permissible purpose to review your credit report as it was for the review and/or recovery of your delinquent account.

 Sincerely,

Stephen J. Moeller
Director, Corporate Compliance

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

Hours of Operation: Mon-Thurs 8:00 am-9:00 pm, Fri 8:00 am–5:00 pm
and Sat 8:00am–12:00 pm (Eastern Standard Time)

*American Coradius International LLC*